IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

IZIAR WHEATON, JR.                                                    PLAINTIFF

vs.                              Civil No. 4:20-cv-04020

COMMISSIONER, SOCIAL                                                 DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Iziar Wheaton, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his

application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.   ECF No. 7.[1]   Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1.   **Background:**

Plaintiff protectively filed his disability application on July 11, 2016.  (Tr. 69).  In this

application, Plaintiff alleges being disabled due to a focal tear in L5 and S1 discs; strained

ligaments; depression and stress; anxiety; and knee problems.  (Tr. 224).  Plaintiff alleges an onset

date of February 1, 2016.  (Tr. 69).  This application was denied initially and again upon

reconsideration.  (Tr. 104-147).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages
for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11.  These
references are to the page number of the transcript itself not the ECF page number.

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on this application, and this hearing request was granted.  (Tr. 87-103).  This hearing was held in Shreveport, Louisiana on July 11, 2018.  *Id.*  Plaintiff and Vocational Expert ("VE") Mr. Rue[2] testified at the administrative hearing in this matter.  *Id.*

After this hearing, on March 28, 2019, the ALJ entered a fully unfavorable decision denying Plaintiff's application.  (Tr. 69-80).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 11, 2016, his application date.  (Tr. 71, Finding 1).  The ALJ found Plaintiff had the following severe impairments: carpal tunnel syndrome (CTS); tarsal tunnel syndrome; osteoarthritis; and annular tear of the lumbar spine.  (Tr. 71-73, Finding 2).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 74, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC").  (Tr. 74-78, Finding 4).  Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except stoop and crouch 2/3rds of the time and kneel 1/3rd of the time.  The claimant can perform simple 2-3 step tasks.  The claimant can reach, handle, and finger for 2/3rds of the workday.

*Id.*

The ALJ evaluated his Past Relevant Work ("PRW") and found Plaintiff had no PRW.  (Tr. 78, Finding 5).  The ALJ also determined Plaintiff was forty-one (41) years old, which is defined as a "younger individual" under 20 C.F.R. § 416.963(c), on the date his application was filed.  (Tr.

---

[2] The first name of "Mr. Rue" was not included in the transcript.  (Tr. 87).

78, Finding 6).  The ALJ determined Plaintiff had at least a high school education and was able to communicate in English.  (Tr. 78, Finding 7).

The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 78-79, Finding 9).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon this testimony, the ALJ determined Plaintiff retains the capacity to perform work as an addressing clerk (sedentary, unskilled) with 81,300 such jobs nationally; charge account clerk (sedentary, unskilled) with 192,360 such jobs nationally; and telephone order clerk (sedentary, unskilled) with 190,390 such jobs nationally.  (Tr. 79).  Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from July 11, 2016 (application date) through March 28, 2019 (ALJ's decision date).  (Tr. 79, Finding 10).

Plaintiff sought the Appeals Council's review of this unfavorable disability determination. (Tr. 1-7).  The Appeals Council denied that request for review.  *Id.*  On March 11, 2020, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on March 11, 2020.  ECF No. 7.  This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would

have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel,* 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant

4

can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 15.  Specifically, Plaintiff alleges the ALJ erred in her RFC determination, including in assessing his physical RFC and mental RFC.  *Id.*  In making this argument, Plaintiff focuses upon the ALJ analysis of his subjective complaints.  *Id.*  As such, the Court will address this argument for reversal.

The Court notes that in assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully considered Plaintiff's subjective complaints and gave "good cause" for discounting those complaints.  As such, that determination should be affirmed. *See Goff v. Barnhart,* 421 F.3d 785, 793 (8th Cir. 2005).  Indeed, the ALJ noted, "[b]y his own report, he [claimant] is able to handle his grooming and hygiene independently, perform chores, prepare simple meals, drive, attend church, and shop.  At one point, he told his counselor that he mowed yards and detailed cars to make ends meet." (Tr. 77).  The ALJ also recognized Plaintiff "consistently [reported] that medications made pain tolerable and did not cause side effects." (Tr. 78).  Thus, the Court cannot find a basis for reversal on this issue.[4]

---

[4]       Furthermore, as a part of his briefing under his *Polaski* argument, Plaintiff claims his anxiety and depression cause him to be disabled.  ECF No. 15 at 13-20.  In her opinion, the ALJ did not even find those impairments were severe.  (Tr. 71-73).  The ALJ based this severity determination primarily upon the

4.     **Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the ALJ.  As such, it is affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of November 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

following: "At his January 2017 visit, he reported that medications were helpful and there were no side effects.  Mental status examination was *unremarkable*. . . . During his November 2017 clinician's visit, he reported that he had a good mood. . . . Mental status examinations done in January 2018 and April 2018 *were unremarkable*."  (Tr. 72) (emphasis added).  In accordance with that determination, the Court also finds no basis for reversal on this issue.